LAND, Justice.
 

 January 7, 1927, People’s Bank & Trust Company was placed in liquidation by the state bank commissioner.
 

 The present suit was brought by Terrebonne National Farm Loan Association March 29, 1927, to recover a deposit in de
 
 *575
 
 fendant bank made prior to the closing of its doors.
 

 Plaintiff prays for a judgment immediately executory against defendant bank, or, in the alternative, that plaintiff be paid by preference and priority over all other creditors or depositors.
 

 Judgment was rendered in the lower court dismissing plaintiff’s demands at its costs, and plaintiff has appealed.
 

 In answer to plaintiff’s petition, the state bank examiner admits that plaintiff had a general deposit, subject to check, in defendant bank, amounting to $8,867.46, and that this amount is due plaintiff as an ordinary creditor of defendant bank in liquidation.
 

 Plaintiff Terrebonne National Farm Loan Association is engaged in assisting farmers in obtaining loans from the Federal Land Bank of New Orleans, La.
 

 In October, 1926, plaintiff obtained a loan from the Federal Land Bank for L. J. Barrios; and, on December 27, 1926, plaintiff also obtained from that bank a loan for H. M. Babcock.
 

 It is admitted that the proceeds of the Barrios loan ($6,700) were deposited in the People’s Bank & Trust Company to the account of C. D. gtanwood, secretary-treasurer of Terrebonne National Farm Loan Association, on October 21, 1926.
 

 It is also admitted that the check for $9,-011.75, representing the net proceeds of the Babcock loan, was deposited in the People’s Bank
 
 &
 
 Trust Company on December 29, 1926, to the account of O. D. Stanwood, secretary-treasurer of Terrebonne National Farm Loan Association, “subject to check and in accordance with the general custom followed by him in all his transactions with the said bank, covering a period of many years.”
 

 It appears from the testimony of I* J. Derbes, public accountant, and witness for plaintiff, that the check for the Barrios loan and the check for the Babcock loan, and also checks for other similar loans, were deposited in the same account. -
 

 This witness also testified that, under the ordinary course of business, the Barrios account should have been cleared first, as the Barrios deposit was made October 21, 1926, and the Babcock deposit December 29, 1926, and that this is what took place in this case.
 

 Mr. Derbes further testified that, after the Barrios account was cleared, there was not enough money left in the account of the secretary-treasurer of plaintiff association to clear the Babcock loan.
 

 This fact is also shown by the demand of plaintiff in this case for a deposit of $8,-996.13, an amount less than the net proceeds of the Babcock loan, $9,011.75. It is further shown that the deposit of $8,996.13 demanded by plaintiff in this case is subject to an overdraft on another account, subject to check, in the sum of $128.67, leaving due to plaintiff a net balance of $8,867.46.
 

 These various loans were placed in, and mingled together in, a general checking account of plaintiff, and plaintiff’s contention that it had in defendant bank a special account, or that plaintiff is entitled to be paid by preference or priority over all other creditors, is not sustained by the facts of the ease.
 

 
 *577
 
 As there were not sufficient funds on hand to pay the checks drawn in this ease by plaintiff on its account in defendant bank, these cheeks were properly returned.
 

 Judgment affirmed.
 

 ST. PAUL, J., absent.